## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

Civil Action No. 9:18-cv-80086-DMM

CHARLES WILDES, individually; FRANCISCO DORIA, individually;
AKIVA KATZ, individually; JAMES GURRY, individually;
RONALD NELSON, individually; and JUSTIN PERRY, individually;
and on behalf of All Others Similarly Situated;

      Plaintiffs,

v.

BITCONNECT INTERNATIONAL PLC, a foreign corporation;
BITCONNECT LTD., a foreign corporation;
BITCONNECT TRADING LTD., a foreign corporation;
JOSHUA JEPPESEN, an individual; GLENN ARCARO, an individual;
TREVON BROWN a/k/a TREVON JAMES, an individual;
RYAN HILDRETH, an individual; CRAIG GRANT, an individual;
JOHN DOE NO. 1 a/k/a NICHOLAS TROVATO a/k/a CRYPTONICK, an individual;
RYAN MAASEN, an individual; and JOHN DOE NOS. 2-10, individuals;

      Defendants.

_____/

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order (the "Motion"). [Docket Entry No. 11]. Under Federal Rule of Civil Procedure 65, a Court may grant a Temporary Restraining Order *ex parte*. As required by the Rule, specific facts in the form of an affidavit or Verified Complaint must demonstrate an "immediate and irreparable injury, loss, or damage will result to movant before the adverse party can be heard in opposition," and the attorney for the movant must certify in writing any efforts made to provide notice to the adverse party. *See*, Fed.R.Civ.P. 65(b)(1). Any Order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the Order was issued without notice and be promptly filed in the Clerk's Office and entered in the record. The Order expires at a time after entry -- not to exceed fourteen (14) days." *Id.* at (b)(2).

In evaluating the Motion, this Court has considered the following factors: (1) whether the movant has a strong likelihood of success on the merits of its claims; (2) whether the movant would suffer irreparable injury absent a restraining order; (3) whether granting the restraining order to the movant outweighs the possible harm to the non-movants; (4) whether the movant has available to it an adequate remedy at law; and (5) whether the public interest would be served by granting the restraining order. *City of Miami Beach v. Kuoni Destination Mgmt., Inc.*, 81 So. 3d 530, 532 (Fla. 3d DCA 2012); *see also Siegel v. LePore,* 234 F.3d 1163, 1179 (11th Cir. 2000), *cert. denied*, 531 U.S. 1005, 121 S. Ct. 510, 148 L. Ed. 2d 478 (2000) (citations omitted).  Having reviewed the Motion, the file, and being otherwise sufficiently advised in the premises, the Court hereby finds as follows:

1. Plaintiffs and the Class have shown a strong likelihood of success on the merits of their claims for: (1) violations of federal securities laws, (2) violation of Florida securities laws, (3) violation of Florida's Deceptive and Unfair Trade Practices Act, and (4) multiple common law claims, including rescission of contract, fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, conversion, and civil conspiracy.

2. Plaintiffs have established in their Motion and the Declaration in support thereof that the rights of Plaintiffs and the Class will be immediately and irreparably harmed absent a Temporary Restraining Order from this Court.  Without entry of the Temporary Restraining Order, Plaintiffs may be unable to recover for their equitable claims.

3. The balance of hardships also favors Plaintiffs and the Class, because a Temporary Restraining Order would preserve the status quo ante and prevent irreparable harm until such time as the Court may hold a hearing.

4. Entry of a Temporary Restraining Order is in the public interest, because the public is interested in preventing massive consumer fraud and other securities violations, as described in the Amended Class Action Complaint.  Moreover, entering a Temporary Restraining Order would serve

the public interest by preserving and stabilizing the worldwide use of cryptocurrencies and by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the U.S. Department of the Treasury) by providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations.

  5. Because of the apparent strength of Plaintiffs' case, the Court concludes that requiring security pursuant to Fed.R.Civ.P. 65(c) is not appropriate in this case at this time.

  Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that:

  1. Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

  2. Within ten (10) days of the entry of this Order, Defendants BITCONNECT INTERNATIONAL PLC, a foreign corporation; BITCONNECT LTD., a foreign corporation; BITCONNECT TRADING LTD., a foreign corporation (the business entities collectively referred to herein as "BITCONNECT"); JOSHUA JEPPESEN, an individual; GLENN ARCARO, an individual; TREVON BROWN a/k/a TREVON JAMES, an individual ("TREVON JAMES"); RYAN HILDRETH, an individual; CRAIG GRANT, an individual; JOHN DOE NO. 1 a/k/a NICHOLAS TROVATO a/k/a CRYPTONICK, an individual ("CRYPTONICK"); and RYAN MAASEN, an individual (collectively referred to as "Defendants") shall disclose to the Court and Plaintiffs' counsel: (a) all bitcoin and other cryptocurrency wallet addresses they maintain or control, (b) all cryptocurrency trading account addresses they maintain or control; and (c) the identity of the holder/owner of any wallet or cryptocurrency address to which Defendants have transferred any bitcoin or other cryptocurrency in the past ninety (90) days, so that those assets can be monitored and traced.

  3. Defendants are hereby forbidden from moving any assets unless specifically allowed by this Court.

Civil Action No. 9:18-cv-80086-DMM

4. The requirement under Fed.R.Civ.P. 65(c) that security be posted by Plaintiffs is waived for now.

5. The Temporary Restraining Order will expire fourteen (14) days from its entry in accordance with Fed.R.Civ.P. 65(b)(2).

DONE and ORDERED in Chambers in West Palm Beach, Palm Beach County, Florida, this _____ day of February 2018 at \_\_\_\_\_:_____ a.m./p.m. EST.

_____
JUDGE, U.S DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA