UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:17-cv-80086-MIDDLEBROOKS

CHARLES WILDES, individually; FRANCISO
DORIA, individually; AKIVA KATZ, individually;
JAMES GURRY, individually; RONALD
NELSON, individually; and JUSTIN PERRY,
individually

    Plaintiffs,

v.

BITCONNECT INTERNATIONAL PLC, a foreign
corporation; BITCONNECT LTD., a foreign corporation;
BITCONNECT TRADING LTD., a foreign corporation;
JOSHUA JEPPSEN, an individual; GLEN ARCARO,
an individual; TREVON BROWN a/k/a TREVON JAMES,
an individual; RYAN HILDRETH, an individual; CRAIG
GRANT, an individual; JOHN DOE NO. 1 a/k/a NICHOLAS
TROVATO a/k/a CRYPTONICK, an individual; RYAN
MAASEN, an individual; and JOHN DOE NOS. 2-10, individuals

    Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS CAUSE comes before the Court on Plaintiffs' *Ex Parte* Motion for Temporary Injunction ("Motion"), filed on February 5, 2018. (DE 11). Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiffs request a temporary restraining order ("TRO") "freezing Defendants' assets and requiring Defendants to disclose their cryptocurrency wallet addresses," without the Defendants receiving notice or an opportunity to respond. (DE 11 at 4). Plaintiffs argue that without the TRO, Defendants may "dissipate money generated from Plaintiffs and the Class or simply transfer those funds into another financial scam." (DE 11 at 12).

An *Ex Parte* TRO is an extraordinary remedy as "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto*

*Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). Plaintiffs are not entitled to an *ex parte* TRO as they fail to show that immediate and irreparable injury, loss, or damage will occur before Defendants are given an opportunity to respond as required by Rule 65(b). It is possible that Defendants may transfer substantial assets to third-parties, but Plaintiffs fail to "clearly show" that such action is not just possible, but "immediate" and would result in "irreparable injury." Fed. R. Civ. P. 65(b). After serving Defendants, Plaintiffs may move for a preliminary injunction, at which time the Court may shorten the briefing schedule and may set a hearing if appropriate to expeditiously resolve the matter. Accordingly, it is hereby

**ORDERED and ADJUDGED** that Plaintiffs' Motion (DE 11) is denied.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this __8__ day of February, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record