# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

**Civil Action No. 9:18-cv-80086-DMM**

CHARLES WILDES, individually; FRANCISCO DORIA, individually;
AKIVA KATZ, individually; JAMES GURRY, individually;
RONALD NELSON, individually; and JUSTIN PERRY, individually;
and on behalf of All Others Similarly Situated;

      Plaintiffs,

v.

BITCONNECT INTERNATIONAL PLC, a foreign corporation;
BITCONNECT LTD., a foreign corporation;
BITCONNECT TRADING LTD., a foreign corporation;
JOSHUA JEPPESEN, an individual; GLENN ARCARO, an individual;
TREVON BROWN a/k/a TREVON JAMES, an individual;
RYAN HILDRETH, an individual; CRAIG GRANT, an individual;
JOHN DOE NO. 1 a/k/a NICHOLAS TROVATO a/k/a CRYPTONICK, an individual;
RYAN MAASEN, an individual; and JOHN DOE NOS. 2-10, individuals;

      Defendants.
_____/

## **PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs CHARLES WILDES, FRANCISCO DORIA, AKIVA KATZ, JAMES GURRY, RONALD NELSON, and JUSTIN PERRY ("Plaintiffs"), individually and on behalf of all other persons similarly situated as defined herein; by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15 and S.D. Fla. L.R. 15.1, respectfully move for leave to file a Second Amended Class Action Complaint that revises the factual allegations and streamlines the legal claims asserted against the defendants.  *See* proposed Second Amended Class Action Complaint attached hereto as **Exhibit "A"**.

In support of this Motion, Plaintiffs state as follows:

1.  Defendants BITCONNECT INTERNATIONAL PLC; BITCONNECT LTD.; and BITCONNECT TRADING LTD. (collectively "BITCONNECT") are all parts of the same foreign

technology organization that conducted its business on the internet, principally by means of a website accessible at www.bitconnect.co.

2. BITCONNECT purported to offer investment opportunities that allowed individuals to profit from: (1) BITCONNECT's trading of digital tokens through a proprietary, secret automated trading system it called its "volatility software," (2) its digital token (the BitConnect Coin), and (3) its referral program.

3. Upon information and belief, BITCONNECT's operations were a mere fraudulent Ponzi/pyramid scheme that were marketed and sold on the internet by a cadre of "affiliates"/recruiters, several of whom are identified as defendants herein.

4. On January 17, 2018, BITCONNECT suddenly shut down its trading platform and lending program, a maneuver that precipitated an almost immediate ninety percent (90%) plummet in the value of BITCONNECT's investors' $2.5+ billion holdings.

5. On January 24, 2018, Plaintiffs filed their Complaint in this matter [Docket Entry No. ("DE") 1], which they amended a few days later as additional information became available to them [DE 5].

6. Plaintiffs have diligently continued their investigation into the harmful acts perpetrated by BITCONNECT and the individual defendants named in this action. That investigation has led Plaintiffs to additional material facts and has convinced Plaintiffs to slightly alter the legal claims that would appropriately be asserted against the named defendants.

7. To streamline and sharpen their claims, Plaintiffs respectfully request leave of Court to file the Second Amended Class Action Complaint attached hereto.

8. Federal Rule of Civil Procedure 15 states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added).

9. The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir.1983). However, " '[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' " *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598; *Espey v. Wainwright*, 734 F.2d 748, 759 (11th Cir. 1994).

10. Unless there is undue delay, bad faith, futility, a dilatory motive or prejudice to the opposing party, "the leave sought should, as the rules require, be 'freely given.'" *Allapattah Services, Inc. v. Exxon Corp.*, 61 F.Supp.2d 1326, 1333 (S.D.Fla. 1999) (internal citations omitted).

11. In the case *sub judice*, there is no substantial reason to deny Plaintiffs' request to amend their pleading.

12. Here, there is no prejudice to the current defendants, as none of the defendants have even responded to the Complaint or Amended Complaint yet, which were just filed less than one month ago.

13. Further, Plaintiffs have not demonstrated bad faith or undue delay. As noted, this action commenced less than one month ago; and Plaintiffs are diligently seeking to amend their operative pleading with newly-discovered information.

14. Moreover, the amendment is not futile. Rather, the proposed amendment asserts valid claims and will act to streamline the forward progress of this litigation.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Case No. 9:18-cv-80086-DMM

**WHEREFORE,** Plaintiffs CHARLES WILDES, FRANCISCO DORIA, AKIVA KATZ, JAMES GURRY, RONALD NELSON, and JUSTIN PERRY respectfully request that the Court grant Plaintiffs leave to file the Second Amended Class Action Complaint attached hereto as **Exhibit "A"**.

                              Respectfully submitted,

                              **SILVER MILLER**
                              11780 W. Sample Road
                              Coral Springs, Florida 33065
                              Telephone:    (954) 516-6000

By: _/s/ David C. Silver_
                              DAVID C. SILVER
                              Florida Bar No. 572764
                              E-mail: DSilver@SilverMillerLaw.com
                              JASON S. MILLER
                              Florida Bar No. 072206
                              E-mail: JMiller@SilverMillerLaw.com

                              *Counsel for Plaintiffs*

Dated: _February 21, 2018_