UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80086-DMM

CHARLES WILDES, individually; FRANCISCO DORIA, individually;
AKIVA KATZ, individually; JAMES GURRY, individually;
RONALD NELSON, individually; and JUSTIN PERRY, individually;
and on behalf of All Others Similarly Situated;

    Plaintiffs,

vs.

BITCONNECT INTERNATIONAL PLC, a foreign corporation;
BITCONNECT LTD., a foreign corporation;
BITCONNECT TRADING LTD., a foreign corporation;
JOSHUA JEPPESEN, an individual; GLENN ARCARO, an individual;
TREVON BROWN a/k/a TREVON JAMES, an individual;
JOHN DOE NO. 1 a/k/a NICHOLAS TROVATO a/k/a CRYPTONICK, an individual;
RYAN MAASEN, an individual; and JOHN DOE NOS. 2-10, individuals;

    Defendants.
_____/

**DEFENDANT RYAN MAASEN'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7.1(a), Defendant Ryan Maasen respectfully requests an extension of time to respond to Plaintiffs' Second Amended Complaint ("SAC") until 45 days after the lead plaintiff files or designates the operative pleading in this Private Securities Litigation Reform Act ("PSLRA") case. The Court should grant this motion for the following reasons:

1. Plaintiffs initiated this lawsuit against Maasen and other Defendants on January 24, 2018. [DE 1.] The operative SAC is an eleven-count putative class action alleging, among other claims, violations of federal securities laws. [DE 19.] Consequently, the heightened pleading standards and additional procedural requirements of the PSLRA, 15 U.S.C. § 78u-4, apply.

2. Maasen faces several near-identical lawsuits. On January 29, 2018, Brian Paige filed suit against Maasen and co-defendants in the Western District of Kentucky (the "Paige Lawsuit"). *Paige v. Bitconnect International PLC*, Case No. 18-cv-58-JHM, DE 1 (W.D. Ky. Jan. 29, 2018). A day later, Paul Long and Kiandra Love filed suit against Maasen and co-defendants in the Middle District of Florida in a case that has since been transferred to this District (the "Long Lawsuit"). *Long v. Bitconnect International, PLC*, Case No. 18-cv-80319-Dimitrouleas, DE 1 (S.D. Fla. Jan. 30, 2018). Eight days after that, Andrew Kline and several other plaintiffs filed suit against Maasen and co-defendants in the Middle District of Florida (the "Kline Lawsuit"). *Kline v. Bitconnect International PLC*, Case No. 18-cv-319, DE 1 (M.D. Fla. Jan. 27, 2018). Late last month, Baltazar Avalos filed suit against Maasen and co-defendants in the Northern District of California (the "Avalos Lawsuit"). *Avalos v. Bitconnect International PLC, et al.*, Case No. 18-cv-1165-JSW, DE 1 (N.D. Cal. Feb. 22, 2018). Finally, Patrick Argiro filed a lawsuit against Maasen and co-defendants in this District (the "Argiro Lawsuit"). *Argiro v. Bitconnect International, PLC*, Case No. 18-cv-60392-Bloom, DE 1 (S.D. Fla. Feb. 22, 2018). Copies of the complaints in these lawsuits are attached as Exhibits to this motion.

3. Multiple law firms have issued press releases or created websites in connection with the allegations in this lawsuit, raising the possibility of further similar actions against Maasen that will likely involve common questions of law and fact warranting consolidation pursuant to Federal Rule of Civil Procedure 42(a) and the PSLRA.[1]

4. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), plaintiffs seeking to be appointed the lead plaintiff in this matter must file a motion by April 13, 2018. Thereafter, the

---

[1] *See, e.g.*, https://www.prnewswire.com/news-releases/notice-of-securities-class-action-lawsuit-against-bitconnect-and-its-us-based-directors-and-promoters-300597516.html; https://www.silvermillerlaw.com/current-investigations/bitconnect; http://www.zlk.com/pslra-sbm-cc/bitconnect.

Court-designated lead plaintiff will file an amended complaint or otherwise designate an operative pleading. *See id*.

5.      Courts regularly consolidate PSLRA cases into a single action, appoint a lead plaintiff pursuant to process outlined in the statute, 15 U.S.C. § 78u-4(a)(3)(B), and permit the court-appointed lead plaintiff to file an amended complaint. *See, e.g.*, *Miller v. Dyadic Intern., Inc.*, Case No. 07-cv-80948, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) (appointing lead plaintiff after case consolidation); *Grand Lodge of Pennsylvania v. Peters*, Case No. 07-cv-479-Lazzara, 2007 WL 1812641 (M.D. Fla. June 22, 2007) (same) ; *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309 (M.D. Fla. 2000) (ordering consolidation, appointing lead plaintiffs, and permitting lead plaintiffs to file an amended complaint effectuating the consolidation). Accordingly, and in the interests of equity and judicial economy, Maasen should not be forced to hire counsel in multiple jurisdictions and incur duplicative legal fees to defend against several complaints that will likely be rendered moot.

6.      Considering the above, Maasen respectfully requests that the Court grant him an extension of time to respond to the SAC until 45 days after the lead plaintiff files or designates the operative pleading. Other courts in this District have followed a similar schedule. *See, e.g.*, *City of St. Claire Shores Police and Fire Retirement System v. Nationstar Mortgage Holdings Inc.*, Case No. 15-cv-61170-Dimitrouleas, DE 13 (S.D. Fla. July 22, 2015); *United Union of Roofers Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Financial Corporation*, Case No. 14-cv-81057-Dimitrouleas, DE 27 (S.D. Fla. Oct. 24, 2014).

7.      Maasen recently retained the undersigned in this action and brings this motion in good faith and not for purposes of delay. The relief requested is supported by good cause, is consistent with the PSLRA, and will not prejudice the Court, the Plaintiffs, or the other Defendants,

many of whom do not appear to have received service. There have been no requests for an extension of time previously filed in this matter.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), on March 13, 2018, the undersigned's office conferred with Plaintiffs' counsel via telephone and email in a good faith effort to obtain Plaintiffs' assent to this motion. Opposing counsel stated that Plaintiffs would consent to the relief requested, but only if the undersigned provided any documents provided to plaintiffs' counsel in the Paige Lawsuit. Because the undersigned is not in a position to agree to this condition, this motion is opposed.

Date: March 13, 2018

Respectfully submitted,

s/ *Ryan K. Stumphauzer*
Ryan K. Stumphauzer, Esq. (Fla. Bar No. 0012176)
rstumphauzer@sslawyers.com
Stumphauzer & Sloman, PLLC
SunTrust International Center
One SE 3rd Avenue, Suite 1820
Miami, FL 33131
Tel: (305) 371-9686
Fax: (305) 371-9687

*Attorney for Defendant Ryan Maasen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

s/ *Ryan K. Stumphauzer*
Ryan K. Stumphauzer, Esq.