UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:17-cv-80086-MIDDLEBROOKS

CHARLES WILDES, individually; FRANCISO
DORIA, individually; AKIVA KATZ,
individually; JAMES GURRY, individually;
RONALD NELSON, individually; and JUSTIN
PERRY, individually

    Plaintiffs,

v.

BITCONNECT INTERNATIONAL PLC, a foreign
corporation; BITCONNECT LTD., a foreign corporation;
BITCONNECT TRADING LTD., a foreign corporation;
JOSHUA JEPPSEN, an individual; GLEN ARCARO,
an individual; TREVON BROWN a/k/a TREVON JAMES,
an individual; RYAN HILDRETH, an individual; CRAIG
GRANT, an individual; JOHN DOE NO. 1 a/k/a NICHOLAS
TROVATO a/k/a CRYPTONICK, an individual; RYAN
MAASEN, an individual; and JOHN DOE NOS. 2-10, individuals

    Defendants.
_____/

## ORDER ON MOTIONS FOR ALTERNATIVE SERVICE

THIS CAUSE comes before the Court on Plaintiffs' Motion for Leave to Serve Process Electronically, filed on March 7, 2018 (DE 21), and Plaintiffs' Motion to Serve Process by International Mail or FedEx and by Electronic Means on Bitconnect Corporate Defendants, filed on March 12, 2018 (DE 23). Plaintiffs wish to serve the individual Defendants Glen Arcaro, Trevon Brown a/k/a Trevon James, Ryan Hildreth, Craig Grant (collectively "Individual Defendants) and the Bitconnect corporate Defendants Bitconnect International PLC, Bitconnect Ltd., and Bitconnect Trading Ltd. (collectively "Corporate Defendants") by alternative means. For reasons stated below, both Motions are denied.

### A. <u>Individual Defendants</u>

The individual Defendants appear to all live within the United States, and thus, Rule 4(e) governs how they may be served. Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served in a judicial district of the United States by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. Rule Civ. P. 4(e).

Plaintiffs argue that they have made numerous attempts to serve Defendants but have been unsuccessful[1] Plaintiffs claim that Defendants have been evading service by traditional means, and therefore seek leave to serve Defendants through electronic means such as email and social media.

The Federal Rules do not provide for service through electronic means. Nor do the Florida Rules of Civil Procedure such that service through electronic means would be proper through Rule 4(e)(1). *See* Fla. R. Civ. P. 1.070. Plaintiffs cite several cases where courts have allowed service by email. In almost all of these cases, courts have allowed plaintiffs to serve international Defendants by email under Rule 4(f)(3) which provides that process may be served on Defendants outside a judicial district of the United States by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). This is a broader standard

---

[1] Five attempts were made to serve Glen Arcaro. (DE 21-1). Ten attempts were made to serve Trevon Brown. (DE 21-3). Six attempts were made to serve Ryan Hildreth. (DE 21-5). Four attempts were made to serve Craig Grant. (DE 21-7).

2

than that set forth in Rule 4(e) for Defendants located within a judicial district of the United States. Because the Federal Rules do not provide for service by electronic means and Plaintiffs fail to identify authority to support their argument, Plaintiffs' Motion for Leave to Serve Process Electronically is denied.

### B. <u>Corporate Defendants</u>

The Corporate Defendants are all foreign corporations organized in England and Wales (DE 23 at 2). Rule 4(f)(3) states that unless federal law provides otherwise, a corporation "may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3), Fed. R. 4(h)(2). The Court has discretion to permit or not permit service of process pursuant to Rule (4)(f)(3). *See Prewitt Enterprises, Inc. v. Organization of Petroluem Exporting Countries*, 353 F.3d 916, 926–927 (11th Cir. 2003). Courts generally examine three factors "in determining whether to exercise [their] discretion and permit alternative service of process." *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015). "First, the Court must be satisfied that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citation and quotations omitted). "Second, the Court must determine if the proposed method of service minimizes offense to foreign law. *Id.* (citations and quotations omitted). "Third, the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f)." *Id.* (citation omitted).

The first factor is a due process consideration. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Here, the proposed methods of service are not reasonably calculated to apprise the Corporate Defendants of the pendency of this action, and thus do not satisfy due process concerns. Plaintiffs propose serving the Corporate Defendants through the combination of sending service to the Corporate Defendants' email accounts, Twitter account, and registered address via FedEx.

With regard to the email accounts, Plaintiffs provide no facts suggesting that the accounts are still active and monitored. Given that Bitconnect has "shut down its operations," it is unclear why a non-operational business would monitor its emails. (DE 19 ¶ 127). Service through the Corporate Defendants' Twitter account is insufficient for the same reason. Plaintiffs concede that Bitconnect "has not published any fresh postings on Twitter since its abrupt mid-January 2018 closure." (DE 23 at 9). Plaintiffs simply fail to explain why the non-operational Bitconnect would monitor its email or Twitter accounts.

Finally, Plaintiffs propose serving the Corporate Defendants through international mail to the addresses listed on their publicly filed registries. (DE 23 at 2). Service in this manner would be deficient as well. Plaintiffs claim that following Bitconnect's closure, it came to light that the Corporate Defendants did not actually conduct their business operations in the United Kingdom. Plaintiff asserts that "it appears that none of [the Corporate Defendants] can be found at the addresses registered with government officials in the United Kingdom" and states that "the people actually running Bitconnect were scattered around the globe." (DE 23 at 3). Given the circumstances, mailing service to the Corporate Defendants' registered addresses is not reasonably calculated to notify Defendants of this action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Serve Process Electronically (DE 21), and Plaintiffs' Motion to Serve Process by International Mail or FedEx and by Electronic Means on Bitconnect Corporate Defendants (DE 23) are **DENIED.**

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida this 16 day of March, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record