UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-cv-80512-MIDDLEBROOKS

ANDREW KLINE, DUSTY SHOWERS, LENA HUNA, and CHARLES MABRA, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BITCONNECT, BITCONNECT LTD, BITCONNECT INTERNATIONAL PLC, BITCONNECT TRADING LTD, GLENN ARCARO, RYAN MAASEN, JOSHUA JEPPESEN, AND JOHN DOES 1-20,

    Defendants.
_____/

PAUL LONG, and KIANDRA LOVE,

    Plaintiffs,

v.

BITCONNECT INTERNATIONAL PLC, BITCONNECT LTD., BITCONNECT TRADING LTD., and RYAN MAASEN,

    Defendants.
_____/

CHARLES WILDES, individually;
FRANCISO DORIA, individually; AKIVA
KATZ, individually; JAMES GURRY,
individually; RONALD NELSON,
individually; and JUSTIN PERRY,
individually

      Plaintiffs,

v.

BITCONNECT INTERNATIONAL PLC, a
foreign corporation; BITCONNECT LTD., a
foreign corporation; BITCONNECT
TRADING LTD., a foreign corporation;
JOSHUA JEPPSEN, an individual; GLEN
ARCARO, an individual; TREVON BROWN
a/k/a TREVON JAMES, an individual;
RYAN HILDRETH, an individual; CRAIG
GRANT, an individual; JOHN DOE NO. 1
a/k/a NICHOLAS TROVATO a/k/a
CRYPTONICK, an individual; RYAN
MAASEN, an individual; and JOHN DOE
NOS. 2-10, individuals

      Defendants.
_____/

BALTAZAR AVALOS

      Plaintiff,

v.

BITCONNECT INTERNATIONAL PLC,
BITCONNECT LTD., BITCONNECT
TRADING LTD.,
JOSHUA JEPPSEN, GLEN ARCARO,
TREVON BROWN a/k/a TREVON JAMES,
RYAN HILDRETH, CRAIG GRANT,
NICHOLAS TROVATO a/k/a
CRYPTONICK, RYAN
MAASEN,

      Defendants.
_____/

## ORDER APPROVING STIPULATION

THIS CAUSE comes before the Court upon a Stipulation for Entry of Proposed Order Appointing Lead Plaintiff, Approving Co-Lead Counsel and Creation of Executive Committee. (DE 40). In addition to this action, there are three other related securities class action lawsuits brought against Bitconnect LTD, its related entities and its officers and directors pending in this District ("the Actions"). *See Wildes et al. v. Bitconnect International PLC et al* (9:18-cv-80086-DMM) ("the Wildes Action"), *Avalos et al. v. Bitconnect Int'l, PLC et al*, 9:18-cv-21118-DMM ("the Avalos Action"), and *Long et al v. Bitconnect International, PLC et al.*, 9:18-80319-DMM. On April 13, 2018, Plaintiffs in the *Wildes* action filed a Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel. (DE 31). Plaintiffs in the *Kline* Action initially opposed the Motion. (DE 37). Since that time, Plaintiffs for all of the Related Actions ("the Group") have agreed to the consolidation of these actions and the appointment of lead plaintiff and lead counsel.

The Group moves for the entry of an agreed order appointing a lead plaintiff, approving co-lead counsel and the creation of an executive committee pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C § 77z-1(a)[1] and Rule 42 of the Federal Rules of Civil Procedure. Having reviewed the Stipulation, and being otherwise fully advised in the premises, it is hereby **ORDERED** and **ADJUDGED** that the Group's Stipulation (DE 40-1) is **ADOPTED** and entered as follows:

---

[1] The PSLRA applies to any action "arising under [The Securities Act of 1933] that is brought as a plaintiff class action" and sets forth a procedure for consolidating multiple class actions. 15 U.S.C. § 77z-1.

3

## CONSOLIDATION OF RELATED ACTIONS

1. The securities class actions entitled, *Wildes, et al. v. BitConnect International PLC, et al.*, 9:18-cv-80086-DMM; *Long, et al. v. BitConnect International, PLC, et al.*, 9:18-cv-80319-DMM; *Avalos v. BitConnect International, PLC, et al.*, 9:18-cv-21118-DMM; and *Kline, et al. v. BitConnect International, PLC, et al.*, 9:18-cv-80512-DMM (the "Related Actions") pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related and which may be considered herewith, are consolidated with the *Wildes* case under Case No. 9:18-cv-80086-DMM (the "Consolidated Action").

2. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Lead Case shall be Lead Case No. 9:18-cv-80086-DMM. Counsel for Lead Plaintiffs shall serve a copy of this Order on counsel of record in each of the Related Actions.

3. Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE BITCONNECT SECURITIES LITIGATION | Lead Case No. 9:18-cv-80086-DMM |
|---|---|

## APPOINTMENT OF LEAD PLAINTIFF AND CO-LEAD COUNSEL

4. The Group has moved this Court to be appointed as Lead Plaintiff in the above-captioned action (the "Action") and to approve the counsel the Group's members have retained to be Co-Lead Counsel.

5. Having considered the provisions of Section 27(a)(3)(B) of the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B), the Court hereby determines that the Group is the most adequate lead plaintiff

and satisfies the requirements of the PSLRA. The Court hereby appoints the BitConnect Investor Group as Lead Plaintiff to represent the interests of the Class.

6. Pursuant to Section 27(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(v), the Group has selected and retained the law firms Levi & Korsinsky, LLP and Silver Miller to serve as Co-Lead Counsel. The Court approves the Group's selection of Co-Lead Counsel for the Action.

7. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlement negotiations with counsel for Defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

    h. to coordinate the preparation and filings of all pleadings; and

    i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

8. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.

9. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel.

10. Co-Lead Counsel has established an executive committee comprised of the law firms of Morgan & Morgan, Jones Ward PLC, and Eggnatz | Pascucci (the "Executive Committee"). The Executive Committee will assist with this litigation at the direction, and under the supervision of, Co-Lead Counsel.

11. Co-Lead Counsel shall be the spokespersons for any and all plaintiffs in matters concerning this litigation.

## **NEWLY FILED OR TRANSFERRED ACTIONS**

12. When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred from another Court, the Group shall:

   a. file a copy of this Order in the separate file for such action; and

   b. serve a copy of this Order on counsel for the parties in the newly filed or transferred case.

13. Each new case that arises out of the subject matter of the Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within fourteen (14) days after the date upon which a copy of this Order is served on counsel for such

party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

14. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida this 19 day of June, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record