**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE BITCONNECT SECURITIES LITIGATION | Lead Case No.: 9:18-cv-80086-DMM |

**PLAINTIFFS' MOTION ON CONSENT TO
PARTIALLY STAY DEADLINES IN PRETRIAL SCHEDULING ORDER
AND ORDER REFERRING CASE TO MEDIATION [DE 64]**

Co-Lead Plaintiffs ALBERT PARKS, an individual; and FARAMARZ SHEMIRANI, an individual ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 7 and 16(b)(4) and S.D. Fla. L.R. 7.1, **and with the consent of all defendants who have appeared in this case**, respectfully move this Honorable Court for entry of an Order partially staying the pretrial deadlines (the "Pretrial Schedule") in the August 14, 2018 Pretrial Scheduling Order and Order Referring Case to Mediation [Docket Entry No. ("DE") 64] (the "Pretrial Scheduling Order"). More specifically, Plaintiffs seek a stay of the deadlines in the Pretrial Schedule apart from the October 11, 2018 deadline for "Joinder of Additional Parties and Amend Pleadings." *Id.* at 4–5.

The Pretrial Scheduling Order provides that the deadlines therein "shall not be modified absent compelling circumstances." *Id.* As set forth in detail *infra*, compelling circumstances are present in light of the Pretrial Schedule containing several deadlines that conflict with the statutory framework applicable to federal securities class actions, such as this Action. More specifically, the majority of the Pretrial Schedule's deadlines conflict with the Private Securities Litigation and Reform Act's [15 U.S.C. § 77z-1 ("PSLRA")] automatic stay of "all discovery and other proceedings" during the pendency of a motion to dismiss (the "Discovery Stay"). 15 U.S.C. § 77z-1(b).

Most of the deadlines set forth in the Pretrial Schedule concern events constituting "discovery and other proceedings" and are therefore subject to the PSLRA's Discovery Stay. Accordingly,

In re: BitConnect Securities Litigation
Lead Case No.: 9:18-cv-80086-DMM

Plaintiffs respectfully request a partial stay of those Pretrial Schedule's deadlines. In further support thereof, Plaintiffs state as follows:

## PROCEDURAL BACKGROUND

On January 24, 2018, this action (the "Action") was commenced as a putative class action on behalf of investors who contributed millions of dollars' worth of cryptocurrency to a trading platform and lending program that Plaintiffs allege was fraudulently promoted and operated by Defendants. The Action alleges class action claims under the federal securities and is thus governed by the PSLRA.

In the months that followed, no fewer than seven (7) other related class action lawsuits were filed in this and in other jurisdictions -- each arising from, and connected to, BITCONNECT's[1] operation of its trading platform and lending program as well as various individual defendants' promotion of BITCONNECT's allegedly fraudulent operations.

On June 20, 2018, pursuant to the PSLRA, this Court entered an Order consolidating the related actions pending in this district, appointing Plaintiffs as Co-Lead Plaintiffs in the Action, and appointing Plaintiffs' counsel as Co-Lead Counsel to serve on behalf of Plaintiffs and the putative class. [DE 46].

On July 3, 2018, following consolidation of the related cases and appointment of Plaintiffs as Co-Lead Plaintiffs, Plaintiffs filed the currently-operative Third Amended Class Action Complaint [DE 48].

The Pretrial Scheduling Order was entered on August 14, 2018 [DE 64] – prior to any defendants filing a response to the consolidated Class Action Complaint. The Pretrial Scheduling Order established a two-week trial period in this matter (commencing April 15, 2019) and also set forth the following pretrial deadlines to which the parties are required to adhere:

---

[1] The term "BITCONNECT" refers collectively to defendants BITCONNECT INTERNATIONAL PLC, a foreign corporation, BITCONNECT LTD., a foreign corporation, and BITCONNECT TRADING LTD, a foreign corporation.

| | |
|---|---|
| October 4, 2018 | Discovery Plan shall be filed. |
| October 11, 2018 | Joinder of Additional Parties and Amend Pleadings. |
| \* | \*            \* |
| January 11, 2019 | All discovery shall be completed. |

The Pretrial Scheduling Order further provided: "Any motions to modify this schedule shall be directed to the attention of the undersigned."

On August 17, 2018, separate Motions to Dismiss the Third Amended Class Action Complaint were filed by Defendants GLENN ARCARO [DE 65], RYAN MAASEN [DE 67], and YOUTUBE, LLC [DE 68] (the "Motions to Dismiss"). The Motions to Dismiss present a wide variety of intricate legal arguments, and the parties do not reasonably anticipate that the Motions will be fully briefed and resolved until November or December 2018 at the earliest.

## LEGAL ARGUMENT

The PSLRA's Discovery Stay provides as follows:

> **In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss**, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1), 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The PSLRA governs this Action, because the Action was brought as a putative class action alleging claims under the federal securities laws – specifically under Sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1), 77o(a), of the Securities Act of 1933. The Discovery Stay was automatically imposed upon the filing of Defendant GLENN ARCARO's Motion to Dismiss [DE 65]. *See Instituto de Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008) (noting the PSLRA's "automatic stay of discovery pending the resolution of a motion to dismiss").[2]

---

[2] Likewise, Defendant YOUTUBE, LLC has invoked Section 230 of the Communications Decency Act (47 U.S.C. § 230) as a basis for its motion to dismiss [DE 68], which some courts have held justifies a stay of discovery while such a motion to dismiss is pending resolution.

- 3 -

The Pretrial Schedule establishes discovery related deadlines that directly conflict with the PSLRA's statutorily-imposed Discovery Stay. Hence, the parties cannot possibly advance the case or their preparation for trial in compliance with said deadlines and simultaneously comply with the PSLRA's requirements. Accordingly, Plaintiffs respectfully submit that the Scheduling Order should be partially stayed and revisited by the Court, with the parties' assistance, following adjudication of the now pending and/or yet-to-be-filed Motions to Dismiss.

Fed.R.Civ.P. 16(b)(4) provides: "A [Scheduling Order] may be modified only for good cause and with the judge's consent." "The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party and the reasons for seeking modification." *Henry v. Contreras*, 2016 WL 232317, at *1 (E.D. Cal. Jan. 20, 2016). Similarly, "[t]he good cause standard required to modify a scheduling order precludes modification <u>unless</u> the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (emphasis added).

In light of the foregoing, absent a partial stay or modification of the Pretrial Schedule, the parties will be unable to satisfy the Pretrial Schedule deadlines while simultaneously complying with the PSLRA's mandates. For example, the first upcoming deadline set forth in the Scheduling Order requires the parties to file a Discovery Plan on October 4, 2018. However, there are presently three Motions to Dismiss pending in this Action -- each of which was filed after the Pretrial Scheduling Order was issued, and none of those motions have been fully briefed.

Further, Plaintiffs are preparing an amendment to the currently-operative Complaint which is expected to, *inter alia*, include allegations against newly-identified defendants before the Pretrial Scheduling Order's October 11, 2018 deadline for "Joinder of Additional Parties and Amend Pleadings." Consequently, it is reasonable to suggest that the amendment will result in one or more additional Motions to Dismiss being filed which, in turn, could further extend the PSLRA's Discovery

Stay. Good cause exists to impose a partial stay of the Pretrial Schedule and reformulate the schedule following adjudication of the Motions to Dismiss. *See, e.g.*, *De Varona*, 285 F.R.D. at 672.

In sum, the parties' inability to adhere to the Pretrial Schedule's deadlines whilst simultaneously complying with federal law (*i.e.*, the PSLRA's Discovery Stay) establishes compelling circumstances for the Court to reconsider its Pretrial Scheduling Order. Accordingly, Plaintiffs respectfully request the Court exercise its discretion to stay the Pretrial Schedule's deadlines that give rise to conflicts with the PSLRA's requirements. *See*, *Mulvaney v. The Geo Grp.*, No. 9:16-cv-81494 (DMM), 2017 U.S. Dist. LEXIS 38133, at *2 (S.D. Fla. Feb. 22, 2017) ("The Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (Middlebrooks, J.) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

This motion is made before the expiration of the periods prescribed by the Federal Rules of Civil Procedure and the Local Rules of Court, is made in good faith, is not sought for the purpose of delay, and will not prejudice any party.

**WHEREFORE,** Co-Lead Plaintiffs ALBERT PARKS and FARAMARZ SHEMIRANI, individually and on behalf of all other persons similarly situated as defined herein, **with the consent and approval of Defendants GLENN ARCARO, RYAN MAASEN, and YOUTUBE, LLC** respectfully request that the Court enter an Order:

(a) staying each of the deadlines in the August 14, 2018 Pretrial Scheduling Order [Docket Entry No. ("DE") 64] apart from, the October 11, 2018 deadline for "Joinder of Additional Parties and Amend Pleadings"; and

(b) granting such other relief as the Court deems just and appropriate.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

In accordance with Rule 7.1(a)(3) of the Local Rules of the United States District Court - Southern District of Florida, the undersigned attorneys for Plaintiffs certify that in good faith, before filing this motion, they conferred with counsel for Defendants regarding the relief sought herein; and that the parties have agreed to the relief requested herein. Thus, this motion is presented with the consent of all parties.

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 516-6000

By: _____
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@SilverMillerLaw.com

- and -

**LEVI & KORSINSKY, LLP**
EDUARD KORSINSKY
E-mail: ek@zlk.com
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

DONALD J. ENRIGHT
E-mail: denright@zlk.com
ELIZABETH K. TRIPODI
E-mail: etripodi@zlk.com
JOHN A. CARRIEL
E-mail: jcarriel@zlk.com
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __2nd__ day of October 2018 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: All Counsel of Record and *Pro Se* parties on the attached Service List.

_____
DAVID C. SILVER

In re: BitConnect Securities Litigation
Lead Case No.: 9:18-cv-80086-DMM

## **SERVICE LIST**

**In re BitConnect Securities Litigation**
**United States District Court - Southern District of Florida**
**Lead Case No. 9:18-cv-80086-DMM**

| | |
|---|---|
| **Carl E. Volz, Esq.** | *Counsel for Defendant Glenn Arcaro* |
| **Desiree Moore, Esq.** | |
| **Nicole Claire Mueller, Esq.** | |

K&L GATES, LLP
70 W. Madison Street – Suite 3100
Chicago, IL 60602-4207
Telephone:     (312) 807-4245
Facsimile:      (312) 827-8114
E-mail: carl.volz@klgates.com; desiree.moore@klgates.com; nicole.mueller@klgates.com;


**Carol Lumpkin, Esq.**                                              *Counsel for Defendant Glenn Arcaro*
K&L GATES, LLP
Southeast Financial Center
200 S. Biscayne Blvd. – Suite 3900
Miami, FL 33131-3300
Telephone:     (305) 539-3300
Facsimile:      (305) 358-7095
E-mail: carol.lumpkin@klgates.com


**Ryan K. Stumphauzer, Esq.**                                       *Counsel for Defendant Ryan Maasen*
**Kiran N. Bhat, Esq.**
STUMPHAUZER & SLOMAN
SunTrust International Center
One SE Third Avenue, Suite 1820
Miami, FL 33131
Telephone:     (305) 371-9686
Facsimile:      (305) 371-9687
E-mail: rstumphauzer@sslawyers.com; kbhat@sslawyers.com


**Brian M. Willen, Esq.**                                            *Counsel for Defendant YouTube, LLC*
**Eli B. Richlin, Esq.**
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas - 40th Floor
New York, NY 10019
Telephone:     (212) 999-5800
E-mail: BWillen@wsgr.com; ERichlin@wsgr.com

In re: BitConnect Securities Litigation
Lead Case No.: 9:18-cv-80086-DMM

- 8 -

| | |
|---|---|
| **Nathan Berman, Esq.**<br>ZUCKERMAN SPAEDER LLP<br>101 East Kennedy Blvd. - Suite 1200<br>Tampa, FL 33602<br>Telephone:    (813) 221-1010<br>Facsimile:    (813) 223-7961<br>E-mail: NBerman@zuckerman.com | *Counsel for Defendant YouTube, LLC* |
| **Ryan Hildreth**<br>2801 Kelvin Avenue - Unit 596<br>Irvine, CA 92614<br>Telephone:    (657) 229-2116<br>E-mail: hildreth951@gmail.com | *Defendant - Pro Se* |
| **Jasper D. Ward IV, Esq.**<br>JONES WARD PLC<br>The Pointe<br>1205 E. Washington Street - Suite 111<br>Louisville, KY 40206<br>Telephone:    (502) 882-6000<br>E-mail: jasper@jonesward.com | *Plaintiffs' Counsel - Executive Committee* |
| **Joshua H. Eggnatz, Esq.**<br>**Michael J. Pascucci, Esq.**<br>EGGNATZ \| PASCUCCI<br>5400 S. University Drive – Suite 417<br>Davie, FL 33328<br>Telephone:    (954) 889-3359<br>Facsimile:    (954) 889-5913<br>E-mail: JEggnatz@JusticeEarned.com; MPascucci@JusticeEarned.com | *Plaintiffs' Counsel - Executive Committee* |
| **John A. Yanchunis, Esq.**<br>MORGAN & MORGAN<br>201 N. Franklin Street - 7th Floor<br>Tampa, FL 33602<br>Telephone:    (813) 223-5505<br>E-mail: JYanchunis@ForThePeople.com | *Plaintiffs' Counsel - Executive Committee* |