UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

|  |  |
|---|---|
| IN RE BITCONNECT SECURITIES LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No.: 9:18-cv-80086-DMM |

**YOUTUBE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

BRIAN M. WILLEN (admitted *pro hac vice*)
ELI B. RICHLIN (admitted *pro hac vice*)
Wilson Sonsini Goodrich & Rosati P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY  10019
Tel: (212) 999-5800
    Counsel for YouTube, LLC

NATHAN BERMAN, Fla. Bar No. 0329230
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

I. PLAINTIFFS' CLAIM AGAINST YOUTUBE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION .......................................................... 1

    A. The FAC Fails To Allege Sufficient Facts To Support Specific Jurisdiction ......... 1

    B. Pendent Jurisdiction Principles Do Not Establish Personal Jurisdiction ................ 2

II. PLAINTIFFS' CLAIM AGAINST YOUTUBE IS BARRED BY SECTION 230 ........... 4

III. THE FAC FAILS TO STATE A CLAIM FOR FAILURE TO WARN ............................ 7

CONCLUSION ...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Income Life Ins. Co. v. Google, Inc.*, No. 2:11-CV-4126-SLB,
    2014 U.S. Dist. LEXIS 124870 (N.D. Ala. Sep. 8, 2014) ..................................................6

*Beckman v. Match.com, LLC*, No. 2:13-CV-97 JCM (NJK),
    2017 U.S. Dist. LEXIS 35562 (D. Nev. Mar. 10, 2017)..................................................7, 8

*Beckman v. Match*, No. 17-16043,
    2018 U.S. App. LEXIS 32976 (9th Cir. Nov. 21, 2018) ......................................................7

*Blumenthal v. Drudge*, 992 F. Supp. 44 (D.D.C. 1998)..................................................................5

*Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773 (2017)............................................2

*Clay v. AIG Aero. Ins. Servs.*, 61 F. Supp. 3d 1255 (M.D. Fla. 2014) ............................................2

*Compania de Elaborados de Cafe v. Cardinal Capital Mgmt.*,
    401 F. Supp. 2d 1270 (S.D. Fla. 2003) ..............................................................................8

*Doe No. 14 v. Internet Brands, Inc.*, No. CV 12-3626-JFW,
    2016 U.S. Dist. LEXIS 192144 (C.D. Cal. Nov. 14, 2016)..................................................7

*Dowbenko v. Google, Inc.*, 582 Fed. Appx. 801 (11th Cir. 2014).....................................................6

*Dyroff v. Ultimate Software Grp., Inc.*, No. 17-cv-05359-LB,
    2017 U.S. Dist. LEXIS 194524 (N.D. Cal. Nov. 26, 2017)............................................7, 8

*Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) ...............................5

*Garner v. Pearson*, 732 F.2d 850 (11th Cir. 1984)..........................................................................3

*Garrison Ret. Home Corp. v. Hancock*, 484 So. 2d 1257 (Fla. 4th DCA 1985) .............................8

*Gill v. Three Dimension Sys.*, 87 F. Supp. 2d 1278 (M.D. Fla. 2000).............................................3

*Gonzalez v. Google, Inc.*, 282 F. Supp. 3d 1150 (N.D. Cal. 2017)..................................................6

*Gonzalez v. Google, Inc.*, No. 16-cv-03282-DMR,
    2018 U.S. Dist. LEXIS 138367 (N.D. Cal. Aug. 15, 2018)................................................5

*Grail Semiconductor, Inc. v. Stern*, 2012 U.S. Dist. LEXIS 167140,
    2012 U.S. Dist. LEXIS 167140 (S.D. Fla. Nov. 26, 2012)..................................................3

*Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19 (Fla. 2d DCA 2011) ..............................................8

*Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398 (6th Cir. 2014)................................5

*Le Marc v. JP Morgan Chase Bank, N.A.*, No. 17-22850-CIV,
	2017 U.S. Dist. LEXIS 188079 (S.D. Fla. Nov. 13, 2017)......................................................6

*Morley v. Cohen*, 610 F. Supp. 798 (D. Md. 1985) ..........................................................................3

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009).......................5

*Roca Labs, Inc. v. Consumer Op. Corp.*, 140 F. Supp. 3d 1311 (M.D. Fla. 2015) .........................5

*Siegmund v. Bian*, No. 16-62506-CIV-MORE,
	2017 U.S. Dist. LEXIS 217216 (S.D. Fla. Sep. 29, 2017)....................................................3

*Sovereign Bonds Exchange LLC v. Fed. Republic of Germany*, No. 10-21944-CIV,
	2011 U.S. Dist. LEXIS 160103 (S.D. Fla. Aug. 9, 2011)....................................................6

*Waite v. AII Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018)......................................................2

*Walden v. Fiore*, 571 U.S. 277 (2014)........................................................................................1, 2

## STATUTES

47 U.S.C. § 230................................................................................................................... *passim*

## RULES

Fed. R. Civ. P. 12(b)(2)..................................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6).......................................................................................................................1

## MISCELLANEOUS

13 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3567 (3d ed.) ........................3

16 Moore's Federal Practice - Civil § 108.42 (2018) ...................................................................2

Restatement (Second) of Torts, § 316-319 ......................................................................................8

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Defendant YouTube, LLC ("YouTube") submits this reply memorandum of law in further support of its motion to dismiss Plaintiffs' Amended Consolidated Class Action Complaint, their fourth amended complaint ("FAC").

## INTRODUCTION

As explained in YouTube's opening brief, the sole claim asserted against YouTube in the FAC—for failure to warn—fails for three separate reasons: Plaintiffs fail to assert an adequate basis for personal jurisdiction against YouTube; the claim runs squarely into YouTube's statutory immunity under Section 230 of t he Communications Decency Act ("CDA"), 47 U.S.C. § 230 ("Section 230"); and Plaintiffs fail to state a viable failure to warn claim under state law. In response to these arguments, Plaintiffs' Opposition offers virtually nothing. On personal jurisdiction, Plaintiffs' plea for the Court to exercise jurisdiction is divorced from the FAC's (non-existent) jurisdictional allegations and contrary to established precedent. On Section 230, Plaintiffs simply ignore all the relevant authority, which forecloses their attempt to hold YouTube liable for the alleged consequences of content created and posted by third parties. And on the failure to warn claim itself, Plaintiffs again ignore myriad cases (including one just affirmed by the Ninth Circuit Court of Appeals) in which courts have consistently held that websites do not have the "special relationship" with their users that establishes a duty to warn about the possible risks of material posted by others. Because Plaintiffs' claim against YouTube fails as a matter of law and cannot be saved by further amendment, the Court should dismiss YouTube from this case with prejudice.

**I.     PLAINTIFFS' CLAIM AGAINST YOUTUBE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

**A.     The FAC Fails To Allege Sufficient Facts To Support Specific Jurisdiction**

YouTube's motion to dismiss explained that the FAC lacks any factual allegations that would establish that YouTube is subject to either general (all-purpose) or specific (case-based) personal jurisdiction in Florida. In response, Plaintiffs all but concede the point. They do not even try to argue general jurisdiction, and their half-hearted argument about specific jurisdiction falls well short of what established law requires.

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571

U.S. 277, 284 (2014). Plaintiffs nod in the direction of this rule, but they do not come close to satisfying it. As shown in YouTube's opening brief, the FAC does not allege any purposeful suit-related connection between YouTube and the State of Florida. There is not even an allegation that any of the Plaintiffs live in Florida or that they used YouTube while in Florida, much less an allegation that YouTube knew or had any reason to believe that its supposed failure to warn Plaintiffs about the risks of investing in BitConnect would connect it in any way to Florida. *See* YouTube's Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint [DE 88] ("YouTube Br.") at 5-6. Plaintiffs offer no meaningful response.

Instead, Plaintiffs try to base jurisdiction on a single allegation in the FAC—that Grant, one of the Promoter Defendants who posted videos on YouTube, was allegedly a Florida resident. Lead Plaintiffs' Omnibus Opposition to the Motions to Dismiss [DE 97] ("Opp.") at 17. But this argument runs squarely into the rule that the "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (internal quotation omitted). Indeed, as the Supreme Court has made clear, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1781 (2017) (alteration in original) (quoting *Walden*); *see generally Waite v. AII Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (affirming dismissal for lack of personal jurisdiction and recognizing that jurisdictional analysis must focus on the defendant's contacts with the forum State, not residency of other parties); 16 Moore's Federal Practice - Civil § 108.42 (2018) ("[A] third party cannot form the only link between the defendant and the forum; instead, the *defendant's conduct* must form the necessary connection with the forum state.") (emphasis added). Under this black-letter principle, Plaintiffs' allegation that a YouTube *user* may reside in Florida does not create jurisdictionally sufficient contacts for YouTube in connection with this action. *Cf. Clay v. AIG Aero. Ins. Servs.*, 61 F. Supp. 3d 1255, 1269-70 (M.D. Fla. 2014) (no personal jurisdiction established over out-of-state defendants from allegations of a single sale of allegedly deficient goods to a forum-state resident).

### B. Pendent Jurisdiction Principles Do Not Establish Personal Jurisdiction

Plaintiffs also ask the Court to exercise "pendent" personal jurisdiction. Plaintiffs' argument seems to be that the Court can assert jurisdiction over YouTube as an extension of its

jurisdiction over *other* defendants in connection with federal securities law claims *that Plaintiffs have not asserted against YouTube*. Opp. at 16. This argument fails as a matter of law: Plaintiffs misunderstand how pendent jurisdiction works, and it does not apply here.

Pendent jurisdiction can allow a court to assert jurisdiction over state law claims where it has jurisdiction *over the same party* on related federal claims. *See, e.g.*, *Siegmund v. Bian*, No. 16-62506-CIV-MORE, 2017 U.S. Dist. LEXIS 217216, at *27-28 (S.D. Fla. Sep. 29, 2017) ("Pendent personal jurisdiction permits a court to entertain *a claim against a defendant* over whom it lacks personal jurisdiction . . . if that claim arises from a common nucleus of operative fact with a claim . . . for which the court does have personal jurisdiction over *the defendant*." (*quoting* 13 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3567 (3d ed.) (emphasis added))). That plainly is *not* the situation here: Plaintiff has asserted no federal claim against YouTube. And the concept of pendent jurisdiction simply does not extend to what we have in this case: a stand-alone state law claim against one defendant, coupled with federal claims *against other defendants*. Due process does not allow Plaintiffs to piggyback personal jurisdiction over YouTube based on the separate claims they have asserted against other, unrelated Defendants. *See, e.g., Gill v. Three Dimension Sys.*, 87 F. Supp. 2d 1278, 1283-5 (M.D. Fla. 2000) (court had personal jurisdiction over some defendants through nationwide service of process provisions for federal securities claims, but rejected pendent jurisdiction argument and dismissed state-law claim against two defendants where no independent base for personal jurisdiction had been established); *Morley v. Cohen*, 610 F. Supp. 798, 823 (D. Md. 1985) (same).[1]

---

[1] The two cases cited by Plaintiffs are not to the contrary: both address instances where the *same* defendant faced state law claims while already properly before the court on federal securities claims. *See Grail Semiconductor, Inc. v. Stern*, No. 12-60976-Civ, 2012 U.S. Dist. LEXIS 167140, at *6 (S.D. Fla. Nov. 26, 2012) (denying motion to dismiss for lack of personal jurisdiction where federal securities claims and state law claims were asserted against the same defendant); *Garner v. Pearson*, 732 F.2d 850, 854 (11th Cir. 1984) (concluding that, even after a federal claim is dismissed, subject matter jurisdiction existed over pendent state law claim against the same defendant). Neither case addressed (much less approved) what Plaintiffs seek to do here: to bootstrap personal jurisdiction on a state law claim against one defendant from federal claims against *separate* defendants.

In short, Plaintiffs' failure to plead facts establishing an independent basis for personal jurisdiction over YouTube requires dismissal of their failure to warn claim under Rule 12(b)(2).

## II.    PLAINTIFFS' CLAIM AGAINST YOUTUBE IS BARRED BY SECTION 230

On the merits, Plaintiffs equally fail to save their claim. We start with Section 230: YouTube's opening brief cited dozens of cases showing that this immunity for online service providers fully applies to the failure to warn claim against YouTube in this case. Plaintiffs do not attempt to distinguish a single one of these cases. Instead, they assert that YouTube should be held responsible for the consequences of videos that Plaintiffs' own complaint concedes were created by third parties (the Promoter Defendants). Despite acknowledging that YouTube did not create the videos, they argue YouTube is liable because it allegedly disseminated those videos and shared in revenue generated by them. This argument ignores the abundant authority that has applied Section 230 in the face of exactly these kinds of allegations. Indeed, Plaintiffs offer only two cases in support of their argument, but even in those cases the courts found that Section 230 immunity applied.

To begin, Plaintiffs wholly fail to address, much less dispute, any of the following points:

- YouTube qualifies as an "interactive computer service" under Section 230. YouTube Br. at 8.

- If a website displays content that is created by third parties, it is immune from claims that seek to hold it liable for acting as a publisher of that content. YouTube Br. at 7.

- This immunity fully applies to negligence-based claims that seek to hold an online service provider liable for failing to remove or to protect users from the effects of third-party content posted on its service. YouTube Br. at 12-16.

- Section 230 protection attaches at the pleadings stage in order to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles. YouTube Br. at 7.

Unable to dispute these points, Plaintiffs offer just one argument in an effort to evade YouTube's immunity under Section 230. Plaintiffs argue that YouTube's establishment of a "Partner Program," which various Promoter Defendants joined, somehow transforms YouTube into the developer of the content created by those Promoter Defendants. Opp. at 36-37. But that simply is not the law. Notably, the FAC never claims that YouTube created any of the Promoter Defendants' videos or had anything to do with the development of their content. To the contrary, the FAC leaves no doubt that the videos were created and posted solely by the Promoter

Defendants (or other third parties). FAC ¶¶ 123-129, 217. Instead, Plaintiffs claim that through the Partner Program, YouTube drove traffic to Plaintiffs' videos (*id.* ¶¶ 349-350) and shared revenue generated from ads displayed alongside those videos with the Promoter Defendants (*id.* ¶¶ 198-200, 219). From this, Plaintiffs argue that YouTube should be treated as "responsible for the creation or development of the content." Opp. at 36.

Plaintiffs conspicuously ignore the array of cases cited in YouTube's opening brief, which have repeatedly rejected these same arguments for trying to evade Section 230. YouTube Br. at 8-12. Instead, the case law establishes a clear standard for what turns an online service provider into a "developer" of the content at issue: the immunity applies unless the service provider "*contributes materially to the alleged illegality of the content*." *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 410 (6th Cir. 2014) (quoting *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1167-68 (9th Cir. 2008)) (emphasis added); *accord Roca Labs, Inc. v. Consumer Op. Corp.*, 140 F. Supp. 3d 1311, 1322 (M.D. Fla. 2015). Under this test, a "material contribution to the alleged illegality of the content does not mean merely taking action that is necessary to the display of allegedly illegal content. Rather, it means being responsible for what makes the displayed content allegedly unlawful." *Jones*, 755 F.3d at 410. Only where "it is very clear that the website directly participates in developing the alleged illegality" should immunity be lost. *Roommates.com*, 521 F.3d at 1174. By contrast, "in cases of enhancement by implication or development by inference . . . section 230 must be interpreted to protect websites." *Id*. at 1174-75; *see, e.g.*, *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 257 (4th Cir. 2009) (service provider immune where allegations did not show that defendant "contributed to the allegedly fraudulent nature of the comments at issue").

Applying this rule, courts have consistently held that service providers do not materially contribute to the alleged illegality of content merely by disseminating or driving traffic to such content, or when they generate revenue from its display on their services. *See, e.g.*, *Roca Labs*, 140 F. Supp. 3d at 1321 (Section 230 immunity applied where website operator allegedly drove traffic to allegedly defamatory comments and generated revenue from that content); *Gonzalez v. Google, Inc.*, No. 16-cv-03282-DMR, 2018 U.S. Dist. LEXIS 138367, at *35 (N.D. Cal. Aug. 15, 2018) (holding that Google's actions to funnel users to videos did "not turn Google into an 'information content provider' with respect to the videos themselves"); *Blumenthal v. Drudge*,

992 F. Supp. 44, 52 (D.D.C. 1998) (Section 230 applies "even where the interactive service provider has an active, even aggressive role in making available content prepared by others," including paying a user under a written contract to publish allegedly defamatory content). In short, the "provision of neutral tools, including targeted advertising, does not equate to content development under section 230"—at least where, as here, those "tools do not encourage the posting of unlawful or objectionable material." *Gonzalez v. Google, Inc.*, 282 F. Supp. 3d 1150, 1168 (N.D. Cal. 2017) (rejecting argument that allegedly sharing ad revenue with users would mean that YouTube is a "content developer" of those users' videos).

Saying nothing about this established authority, Plaintiffs rely on two cases that actually further cut against them. In *Dowbenko v. Google, Inc*., 582 Fed. Appx. 801, 805 (11th Cir. 2014), the plaintiff argued that Google should be held responsible for allegedly taking an active role in disseminating harmful content by "manipulat[ing] its search results to prominently feature the article at issue." But the Eleventh Circuit found this conduct fell squarely within Section 230's protections. *Id.* Likewise, in *Am. Income Life Ins. Co. v. Google, Inc.*, No. 2:11-CV-4126-SLB, 2014 U.S. Dist. LEXIS 124870, at *21 (N.D. Ala. Sep. 8, 2014), the court held that Google was not a content creator where it allegedly analyzed which sites should be promoted for its "seller-assisted marketing plan" and "afford[ed] prominent placement in its search engine broadcasting to the Fictitious Defendants." *Id.* at *20-21. What was missing in those cases was exactly what is missing here: "allegations that Google originated, developed, or modified the disputed content." *Id*. And that deficiency is fatal: because YouTube did not create or develop the videos at issue—and did not materially contribute to the alleged misrepresentations that arguably made them unlawful—Section 230 bars Plaintiffs' claim.[2]

---

[2] In another admission that the FAC fails to allege that YouTube should be treated as a content creator, Plaintiffs assert that while they "are currently unable to discern YouTube's level of involvement" in the Promoter Defendants' videos, Plaintiffs should still be permitted to take discovery and engage in a fishing expedition to remedy these pleading deficiencies. Opp. at 38 n.16. This proposal not only conflicts with the mandate that Section 230 immunity be applied at the earliest possible stage in a litigation (*see supra* at 4), it is further barred by the established rule that a complaint deficient on its own terms must be dismissed and may not be cured by speculative discovery. *See, e.g., Le Marc v. JP Morgan Chase Bank, N.A.*, No. 17-22850-CIV, 2017 U.S. Dist. LEXIS 188079, at *31 (S.D. Fla. Nov. 13, 2017) ("A party may not file an insufficient complaint with the hope of receiving discovery to make it sufficient."); *Sovereign*

### III. THE FAC FAILS TO STATE A CLAIM FOR FAILURE TO WARN

Finally, Plaintiffs cannot save their failure to warn claim even without regard to Section 230. Here, too, Plaintiffs do not address, let alone distinguish, the ample authority discussed in YouTube's opening brief (at 18-19), which makes clear that YouTube had no duty to warn Plaintiffs about the allegedly misleading nature of the Promoter Defendants' videos.

In particular, Plaintiffs ignore a slew of recent cases in which courts have rejected failure to warn claims against online service providers. *See Dyroff v. Ultimate Software Grp., Inc.*, No. 17-cv-05359-LB, 2017 U.S. Dist. LEXIS 194524, at *29-39 (N.D. Cal. Nov. 26, 2017) (holding that "a website has no 'special relationship' with its users"); *Beckman v. Match.com, LLC*, No. 2:13-CV-97 JCM (NJK), 2017 U.S. Dist. LEXIS 35562, at *4 (D. Nev. Mar. 10, 2017) (website operator had no special relationship with its users or duty to warn them of the risks they may face from other users of the service); *Doe No. 14 v. Internet Brands, Inc.*, No. CV 12-3626-JFW (PJWx), 2016 U.S. Dist. LEXIS 192144, at *4 (C.D. Cal. Nov. 14, 2016) (duty to warn claim dismissed where no "special relationship" existed as a matter of law between the website and either the perpetrators of the crime or the plaintiff, "who, along with at least 600,000 others, were members" of the website). In fact, just since YouTube's opening brief was filed, the Ninth Circuit has affirmed the district court's decision in *Beckman*. *See Beckman v. Match*, No. 17-16043, 2018 U.S. App. LEXIS 32976 (9th Cir. Nov. 21, 2018) (recognizing that "courts have never recognized a special relationship akin to that between [a user] and [a website]"). These cases make clear that service providers like YouTube do not have the kind of "special relationship" with their users necessary for them to assume any legal duty to warn.

Plaintiffs argue that the question of special relationship between YouTube and its users is somehow "moot" because a "duty to warn attaches not only where a special relationship exists with the plaintiff, but also from YOUTUBE's ability to control its partner's solicitation efforts." Opp. at 35. Here, too, however, Plaintiffs fail to engage with YouTube's arguments. As explained in our opening brief, the mere fact that some of the Promoter Defendants are entitled

---

*Bonds Exchange LLC v. Fed. Republic of Germany*, No. 10-21944-CIV, 2011 U.S. Dist. LEXIS 160103, at *2 (S.D. Fla. Aug. 9, 2011) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can be given discovery and, if groundless, be weeded out early in the discovery process through careful case management.") (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)).

to a share of advertising revenue for their videos does not form a "special relationship" that imposes a legal duty to warn on YouTube. Indeed, it is clear even from the FAC itself that "Partner" as used here refers merely to a class of YouTube users who uploaded videos that received a certain number of views. FAC ¶¶ 198-199. As the courts in the online duty-to-warn cases discussed above have recognized, no "special relationship" exists between websites and their users, whether those users are alleged victims or perpetrators of wrongdoing. *See Dyroff*, 2017 U.S. Dist. LEXIS 194524, at *37-38; *Beckman*, 2017 U.S. Dist. LEXIS 35562, at *6-7.

Plaintiffs cannot overcome these principles merely by asserting in their opposition brief that YouTube had control over the Promoter Defendants. Any such claim is divorced from the FAC, which make no allegation that YouTube's "Partner Program" imposes on YouTube either the ability or the obligation to control the content of its partners' videos or their more general "solicitation efforts." Nor have Plaintiffs identified a single case that supports their argument. In the one case they cite, the court *rejected* a duty to warn claim, finding no evidence of any special relationship. *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt.*, 401 F. Supp. 2d 1270 (S.D. Fla. 2003). That is not surprising, as the "special relations" that do trigger a duty to warn—for example, "parent-child, master-servant, land possessor and custodian of a person with dangerous propensities"—bear little resemblance to the arms-length relationship between YouTube and the Promoted Defendants. *Garrison Ret. Home Corp. v. Hancock*, 484 So. 2d 1257, 1261 (Fla. 4th DCA 1985) (*citing* Restatement (Second) of Torts, § 316-319); *accord Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19, 29 (Fla. 2d DCA 2011) (no special relationship where defendant was "not in control" of "an independent corporate entity").

Beyond all this, Plaintiffs also have no answer for the argument that YouTube had no greater knowledge of the risks of the BitConnect investment scheme than did Plaintiffs. YouTube Br. at 20 (citing cases). Without "superior knowledge" of an "open and obvious" risk, YouTube had no duty to warn as a matter of law. This provides an independent basis for rejecting Plaintiffs' failure to warn claim as a matter of law.

## CONCLUSION

For these reasons, and those in YouTube's opening brief, Plaintiffs' claim against YouTube should be dismissed and, because any further amendment would be futile, dismissal should be with prejudice.

Dated: December 4, 2018

Respectfully submitted,

/s/ Nathan M. Berman
Nathan M. Berman
FBN: 0329230
nberman@zuckerman.com
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
(813) 221-1010
(813) 223-7961 (Fax)

Brian M. Willen (admitted pro hac vice)
bwillen@wsgr.com
Eli B. Richlin (admitted pro hac vice)
erichlin@wsgr.com
Wilson Sonsini Goodrich & Rosati P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 999-5800

*Attorneys for YouTube, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2018, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

/s/Nathan M. Berman
Nathan M. Berman