**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE No: 18-cv-80086-MIDDLEBROOKS

IN RE BITCONNECT SECURITIES LITIGATION,
_____/

**ORDER DISMISSING COMPLAINT AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Plaintiffs' Response to the Court's Order to Show Cause. (DE 143).

In an order striking Plaintiffs' Second Amended Complaint, I stated:

> [I]n light of my dismissal of Defendant Arcaro and Maasen from the Second Amended Complaint, I hereby strike the remainder of that complaint. (DE 118; DE 133). For clarity of the record, I will require Plaintiffs to file a Third Amended Complaint by December 5, 2019. In drafting this Third Amended Complaint, Plaintiffs shall remove the dismissed defendants and the relevant allegations. Plaintiffs shall also bear in mind the reasons for my dismissal of Defendants Arcaro and Maasen. (*See* DE 133). To the extent Plaintiffs have intended to impose liability upon other Defendants for the same reasons as Arcaro and Maasen, Plaintiffs shall remove those Defendants (if any) from the Third Amended Complaint. Failure to do so will result in *sua sponte* dismissal of those Defendants.

(DE 134 at 3). Upon review of the Third Amended Complaint (DE 137), it appeared that Plaintiffs failed to follow this instruction with respect to Defendants Trevor Brown, Ryan Hildreth, and Tanner Fox. As a result, I entered an Order to Show Cause why Defendants Brown, Hildreth, and Fox should not be dismissed. (DE 142). These Defendants are the only three that remain in this action.

Plaintiffs have responded to the Order to Show Cause. (DE 143). In their response, Plaintiffs do not explain how the allegations regarding Defendants Brown, Hildreth, and Fox differ from the ones made in connection with Defendants Arcaro and Maasen. (*See generally id.*). Instead, Plaintiffs attempt to relitigate whether these facts sufficiently state claims under the

Securities Act. I have already rejected these arguments twice and will not substantively address them again. My previous orders granting Defendant Arcaro's and Maasen's Motions to Dismiss explain at length the reasoning as to why Plaintiffs' claims against Defendants Brown, Hildreth, and Fox fail to state any actionable securities law violation. (DE 115, Order Granting Motion to Dismiss Amended Complaint); (DE 133, Order Granting Motion to Dismiss Second Amended Complaint). Therefore, for the reasons stated in my prior orders, Plaintiffs' claims against Defendants Brown, Hildreth, and Fox are dismissed.[1]

Because those Defendants are the only remaining defendants, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE.**

2. The Clerk of Court shall **CLOSE THIS CASE** and **DENY** any pending motion **AS MOOT.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 31st day of March, 2020.

Donald M. Middlebrooks
United States District Judge

---

[1] It is worth adding that this lawsuit was originally filed over two years ago. (DE 1). And Plaintiffs have failed to actively pursue the claims against Defendants Brown, Hildreth, and Fox. For example, in August 2018, Plaintiffs moved for and subsequently obtained a Clerk's Entry of Default as to Defendant Brown. (DE 71; DE 72). To date, however, Plaintiffs have not moved for final default judgment. Accordingly, Plaintiffs' failure to prosecute their claims against the remaining Defendants is another reason why the claims against them should be dismissed. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").